**UNITED STATES of America,**
**Appellee,**

v.

**Patrick A. PARCHMENT,**
**Defendant–Appellant.**

**No. 03–1552.**

United States Court of Appeals,
Second Circuit.

March 29, 2004.

Colleen P. Cassidy, Federal Defender Division, Legal Aid Society, New York, NY, for Defendant–Appellant.

Jacob W. Buchdahl, Asst. U.S. Attorney, (Adam B. Siegel, Asst. U.S. Attorney), for David N. Kelley, United States Attorney for the Southern District of New York, for Appellee, of counsel.

Present: MESKILL, KATZMANN, and WESLEY, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Patrick Parchment appeals his sentence following a plea of guilty to illegally reentering the United States, having been previously deported following a conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2).

Parchment argued that he was entitled to a downward departure because he only intended to return to the United States temporarily (to visit his dying mother), as evidenced by his failure to tie up his business affairs in Jamaica. This took his case out of the heartland, he argued, because most illegal reentry cases involve immigrants looking to resume living in the United States indefinitely. The district court rejected that as an impermissible ground for departure, a decision we review de novo. See United States v. Abreu–Cabrera, 64 F.3d 67, 74 (2d Cir.1995).

We agree with the district court. Regardless of whether a departure based on the motive of the returning alien is ever permissible as a matter of law, see United States v. Leiva–Deras, 359 F.3d 183, 191 (2d Cir.2004), we have previously held that no departure was warranted where the defendant "contended that he had reentered this country with the intention of returning to his native country ... after visiting his ailing father," United States v.

Carrasco, 313 F.3d 750, 753 (2d Cir.2002) (emphasis added). Although we recognize that Carrasco involved a motion for departure based on the "lesser harm" provision of U.S.S.G. § 5K2.11 and "exceptional family circumstances" under U.S.S.G. § 5K2.0, we think the same rationale applies here. "[W]e have no doubt that [§ ] 1326 is designed to deter deported aliens from illegally reentering for any reason...." Id. at 755 (emphasis added). "[A] deported alien reentering the country illegally," even without the intent to remain, "has done the essence of what the statute is intended to prohibit." Id. at 756. The facts of Parchment's case, which are on all fours with Carrasco, do not put him outside the heartland of the Sentencing Guidelines. Accordingly, the judgment of the district court is **AFFIRMED.**